UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GRETCHEN LEWIS, et al., | ) |
| Plaintiffs | ) ) ) ) |
| v. | ) 2:22-cv-00054-NT ) |
| SPURWINK SERVICES, INC., | ) ) |
| Defendant | ) |

**SUPPLEMENTAL ORDER ON MOTION FOR SANCTIONS**

In its order granting in part Defendant's motion for sanctions, the Court directed Plaintiffs to reimburse Defendant for the reasonable attorney fees and costs that Defendant incurred (a) during the conduct of the deposition of one of Plaintiffs' expert witnesses and (b) in the prosecution of the motion for sanctions. (Order, ECF No. 55.)  When the parties could not agree on the amount of the recoverable fees and costs, Plaintiffs requested a conference with the Court in accordance with District of Maine Local Rule 26.

With the conference request, Plaintiffs filed various documents, including the billing statements that reflect the fees and costs Defendant seeks to recover.  Defendant's request for fees and costs is summarized as follows:

    Cost of expert's deposition time: $3,600

    Cost of deposition transcripts necessary for motion for sanctions: $2,809.60

    Cost of court reporter's attendance: $250

    Attorney fees incurred in prosecuting the motion for sanctions: $12,399

    Attorney fees incurred during the conduct of the expert's deposition: $1,680

    Total fees and costs: $20,738.60

## DISCUSSION

In the motion for sanctions, Defendant asked the Court to dismiss the case based on (a) Plaintiffs' failure to provide appropriate expert witness disclosures and (b) the conduct of Plaintiffs' counsel during the experts' depositions. The Court determined that Plaintiffs satisfied the expert witness designation requirements but found merit in Defendant's contentions regarding counsel's actions during the depositions of Plaintiffs' expert witnesses. The Court denied Defendant's request for dismissal. The Court concluded that a monetary sanction should deter similar conduct in the future.

The parties' remaining dispute is whether the amount of fees and costs requested by Defendant is reasonable under the circumstances of this case. Plaintiffs contend that the amount is unreasonable given that the Court found in Plaintiffs' favor in part on the motion for sanctions. Plaintiffs argue that Defendant should not be reimbursed for fees and costs incurred in connection with an issue on which Defendant did not prevail (i.e., the adequacy of the expert witness designations). Plaintiffs also argue that the amount of time Defendant's counsel devoted to the preparation of the motion is unreasonable. Defendant maintains that the fees and costs requested are reasonable given the nature of the conduct that resulted in the Court's sanction order and the work necessary to bring the pertinent issues to the Court's attention.

The Fourth Circuit identified certain factors that should be considered in the assessment of a monetary sanction, which factors are instructive in this case. The relevant factors include: "(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; [and]

(3) the ability to pay."[1]  *In re Kunstler*, 914 F.2d 505, 523 (4th Cir. 1990) (citing *White v. Gen. Motors Corp.*, 908 F.2d 675 (10th Cir. 1990)).  The First Circuit has recognized that "[d]eterrence is a widely recognized basis for determining the amount of a monetary sanction." *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 6 (1st Cir. 1993).

In the Court's view, in this case, the first two factors are the most relevant.  The reasonableness analysis involves several issues. Although Plaintiffs do not directly challenge the hourly rates charged by the two attorneys who worked on the matter, the first question is whether counsel's hourly rates are reasonable.  The Court finds the rates are reasonable.  The next issue is whether the amount of time devoted to the preparation of the motion for sanctions is reasonable.  Plaintiffs argue the amount of time is unreasonable particularly given that Defendant had already briefed the expert witness designation issue in a motion to exclude the expert witneeses, but had withdrawn the motion to incorporate the argument in its motion for sanctions.  In other words, Plaintiffs contend that preparation of the motion should not have required much time because counsel had already prepared the argument regarding the sufficiency of Plaintiffs' expert witness designations.

Although the Court does not believe it would be productive to attempt to distinguish between the time counsel devoted to each of the bases of the motion for sanctions (i.e., the expert witness designations and the conduct of Plaintiffs' counsel), the fact that Defendant did not prevail on one of the bases is at least relevant to the reasonableness analysis.  It is also

---

[1] The Fourth Circuit also identified "factors related to the Rule 11 violation" as a factor in the case before the court.  *In re Kunstler*, 914 F. 2d at 523.

relevant to another important consideration – the amount necessary to deter the conduct in the future.

To determine the amount of the sanction, the Court first considers the fees and costs actually incurred in connection with the deposition of the expert (Kiernan Kammerer, M.D.) and in preparation of the motion for sanctions. The second day of Dr. Kammerer's deposition, a two-hour session during which one of the bases for Defendant's motion occurred, is the relevant event. The expert's fee for the second day ($800), the attorney fees for the second day ($420), and the court reporter's attendance fee for the second day ($62.50, i.e., two hours of the $250 fee for the eight-hour deposition over two days) will be included in the calculation of the monetary sanction.

As to the fees and costs incurred in connection with the motion for sanctions, the transcripts of the expert witnesses were necessary for the motion and thus the related costs ($671 for the transcript of the deposition of John Kelty, Ph.D., and $285.40 for the transcript of the second day of Dr. Kammerer's deposition) are appropriately included in the calculation of the monetary sanction. The fees ($12,399) incurred in the preparation of the motion for sanctions, however, when combined with the other fees and costs that will be part of the monetary sanction calculation, would be more than is reasonable or necessary to deter future similar conduct, particularly where the conduct was not the entire basis of the motion for sanctions. The Court concludes that an amount equal to one-half of the fees ($6,199.50) together with the other fees and costs noted above is reasonable and would be sufficient to deter future similar conduct.[2]

---

[2] The one-half percentage is not intended to approximate the amount of time devoted to the argument on which Defendant prevailed. Rather, the one-half percentage is simply the Court's assessment of the

## CONCLUSION

Following a review of the record and after consideration of the parties arguments, for the reasons stated above, the Court finds that the amount of the monetary sanction assessed in the Court's Order on Motion for Sanctions (ECF No. 55) is $8,438.40.

## **NOTICE**

Any objection to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of July, 2024.

---

amount, when combined with the fees and costs associated with the deposition of Dr. Kammerer, that is reasonable under the circumstances in this case and that is reasonably designed to deter future similar conduct.